IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PIERCE WILEY VIEHE,
No. 15852-040,

Petitioner,

vs.                                          Case No. 15-cv-1027-DRH

STATE OF ILLINOIS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Pierce Wiley Viehe, a federal prisoner who is currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence.

In the Western District of Michigan, Case No. 10-cr-369, petitioner pled guilty to failure to register as a sex offender. He was sentenced to 33 months in prison, to be followed by 15 years of supervised release (Doc. 1, p. 1). According to the petition, at the time he was charged with the federal offense, he was already serving an Oklahoma state sentence. He was remanded to federal custody for the proceedings in the Western District of Michigan, and then returned to Oklahoma. Following his return, he was charged with a new Oklahoma state offense, and was sentenced to four years on that new conviction.

Petitioner claims that he should have received credit against his federal sentence for "federal time" he served in the Oklahoma state prison. The

Oklahoma state judge ordered that petitioner's state sentence (apparently on the later state charge) should run concurrently with his federal sentence. Petitioner believes that if he were to receive proper credit, he should be eligible for earlier release from federal custody.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered. Before doing so, however, a word about the respondent is in order.

Petitioner has erroneously named the State of Illinois as the respondent in this matter. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Petitioner is an inmate in the United States Prison at Marion, Illinois, which is a federal facility, not a state prison. The State of Illinois is not petitioner's custodian.

Accordingly, the Clerk is **DIRECTED** to terminate the State of Illinois as the respondent in this action, and add the Warden, United States Penitentiary-Marion as the respondent. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases such as this action brought pursuant to § 2241.

In any future documents filed in this case, petitioner shall identify the Warden by his proper name.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: October 9, 2015**

Digitally signed by David R. Herndon
Date: 2015.10.09 16:20:58 -05'00'

**United States District Judge**