IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PIERCE WILEY VIEHE, )
)
        Petitioner, )
)
vs. ) Civil No. 15-cv-1027-CJP[1]
)
WARDEN, USP-MARION, )
)
        Respondent. )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Pierce Wiley Viehe filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that he is entitled to receive credit on his federal sentence for time that was credited to two state prison sentences. (Doc. 1).

## Relevant Facts and Procedural History

This summary of the facts is derived from the affidavit of J. R. Johnson, a Correctional Programs Specialist with the Bureau of Prisons. The affidavit is filed at Doc. 10, Ex. 1.[2] Documents reflecting the facts are attached to the affidavit.

In October 2008, petitioner was sentenced in the District Court of Tulsa County, Oklahoma, to 3 years imprisonment, suspended, for Failure to Register as a Sex Offender. ("First state case"). His suspended sentence was revoked and he was sentenced to 3 years imprisonment in September 2010.

In December 2010, petitioner was indicted in the Western District of

---

[1] The parties consented to final disposition of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). See, Doc. 14.
[2] For clarity, the Court will refer to the Document, Exhibit and Page numbers assigned by the CM/ECF electronic filing system.

1

Michigan for Failure to Register as a Sex Offender in violation of federal law. He was transferred to temporary federal physical custody pursuant to a federal writ of habeas corpus *ad prosequendum* on that charge in April 2011.[3] In September 2011, he was sentenced by the Western District of Michigan to 33 months imprisonment, followed by 15 years supervised release. The written judgment did not say whether the federal sentence was to run concurrently or consecutively to his state sentence. Petitioner was then returned to the Oklahoma Department of Corrections to continue serving the sentence from his first state case.

Petitioner was released from the Oklahoma Department of Corrections after serving the sentence from his first state case on December 30, 2011. He was arrested that same day on a warrant issued by the District Court of Creek County, Oklahoma, for Failure to Notify of Address Change as a Sex Offender. ("Second state case"). In May 2012, petitioner was sentenced to 4 years imprisonment. The state court judge ordered that sentence to run concurrently with petitioner's federal sentence.

On December 10, 2013, petitioner was released from the Oklahoma Department of Corrections after serving the sentence from his second state case. Pursuant to a federal detainer lodged against him, he was released to the U.S. Marshal and began serving his federal sentence on that date.

---

[3] A writ *ad prosequendum* "permits one sovereign - called the 'receiving sovereign '- to 'borrow' temporarily a person in the custody of another sovereign - called the 'sending sovereign' - for the purpose of prosecuting him. It thus permits the receiving sovereign to perform such acts as indicting, arraigning, trying, and sentencing the person. See *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir.1989) (per *curiam*). Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign. See *id*. *Jake v. Herschberger*, 173 F.3d 1059, 1061, n.1 (7th Cir. 1999)

The Bureau of Prisons ("BOP") prepared a sentence calculation sheet reflecting that Viehe's federal sentence began to run on the date he was received from the Oklahoma Department of Corrections, December 10, 2013. He was given no prior credit for time served. His statutory release date via good conduct credit was calculated to be May 3, 2016. Doc. 10, Ex. 1, p. 14.

Viehe was released from the BOP in May 2016, and he is now serving his 15 year term of supervised release. Doc. 18.

### Applicable Law

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 112 S. Ct. 1351, 1355 (1992). The calculation, i.e., the execution, of the sentence can be challenged in a § 2241 petition. See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994)(Where petitioner is "attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy.")

18 U.S.C. § 3585(a) provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." § 3585(b) governs credit for time served before the commencement of a federal sentence:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the

3

date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

(Emphasis added).

## **Analysis**

The fact that petitioner has been released from prison, standing alone, does not mean that the petition is moot. If the claim advanced in the habeas petition is correct, Viehe should have been released from the BOP earlier and his term of supervised release would have begun and ended earlier. Therefore, if he were entitled to habeas relief, he would be entitled to relief in the form of an earlier termination of his supervised release. See, *White v. Indiana Parole Board*, 266 F.3d 759, 763 (7th Cir. 2001). He is not, however, entitled to habeas relief.

Respondent argues that petitioner failed to exhaust administrative remedies. Petitioner argues in his reply, Doc. 16, that he was prevented from properly exhausting by employees of the BOP. The exhaustion requirement here is not jurisdictional, and the Court deems it more expedient to reach the merits of the case rather than require further proceeding to resolve the exhaustion issue. *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983)

The Seventh Circuit has repeatedly held that § 3585(b) means what it says: the time that a defendant spends in custody prior to the commencement of a federal sentence cannot be credited to his federal sentence if that time has been

4

credited to another sentence. See, *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996)("The statute [§ 3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); *Grigsby v. Bledsoe*, 223 F. App'x. 486, 488-489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

§ 3585(b) applies to presentence time that is credited to a state sentence as well as time that is credited to another federal sentence. *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015). Because the period of time that Viehe seeks credit for was credited to his Oklahoma state sentences, he cannot receive credit for it against his federal sentence.

To the extent that Viehe is seeking credit for time served before the imposition of his federal sentence, his claim fails. § 3538(b) does not authorize the sentencing judge to award credit for presentence time – the authority to do so rests solely with the Attorney General, acting through his designee, the BOP. *United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992). And, the time that Viehe spent in custody awaiting his federal sentencing was credited to his sentence in his first state case.

The time between the imposition of the federal sentence in September 2011

5

and the date on which petitioner was received by the BOP in December 2013 cannot be credited to his federal sentence for the same reason, i.e., that time was credited to his state sentences.

Petitioner does not dispute that §§ 3538(a) and (b) operate as explained above. Rather, he claims that the District Judge who sentenced him in the Western District of Michigan indicated at sentencing that he meant for the federal sentence to run concurrently with his state sentences. According to Viehe, at sentencing, the federal judge said "Just ask them to let the Federal Bureau of Prisons to [sic] feed you[;] they will be glad to let them feed you." Doc. 1, p. 19.[4] Petitioner interprets this alleged statement as an explanation of "how to receive double time credit using concurrent state sentence. . . ." Doc. 16, p. 3.

The judge did not, in fact, order petitioner's federal sentence to run concurrently with his state sentence. The judge later confirmed in a letter to the BOP that he intended the federal sentence to run consecutively. See, Doc. 10, Ex. 1, p. 47.

The statement attributed to the District Judge cannot reasonably be construed as an order for the federal sentence to run concurrently. First, there was no reason for the judge to explain at sentencing "how to receive double time credit." If the judge wanted the federal sentence to run concurrently with the state sentences, all he had to do was to order same. Further, the statement attributed to the judge is more reasonably understood to be a suggestion that petitioner ask

---

[4] The PACER system for Viehe's Western District of Michigan case does not contain a transcript of the sentencing hearing. As he did not appeal, it is highly unlikely that a transcript was prepared.

6

Oklahoma to release him from state custody so that he could begin serving his federal sentence.

Petitioner also argues that the state court judge ordered his second state sentence to run concurrently with his federal sentence. However, the state court judge had no power to change the way the federal sentence was calculated:

> In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for "the administration of [its own] criminal justice syste[m]." [Internal citation omitted.] If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody.

*Setser v. United States*, 132 S. Ct. 1463, 1471 (2012).

In short, all of the time for which petitioner seeks credit was, in fact, credited to his Oklahoma sentences, and the federal judge did not order his federal sentence to run concurrently with his state sentences. Therefore, the time served on the state sentences cannot be credited toward his federal sentence as well.

## Conclusion

Pierce Wiley Viehe's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: January 29, 2018.**

                           **s/ Clifford J. Proud**
                           **CLIFFORD J. PROUD**

**UNITED STATES MAGISTRATE JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).